# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL NO. 4:17-CR-015-ALM-KPJ** |
| **JOSEPH DAVID MODICA** | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 12, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Kevin McClendon.

On October 3, 2017, Defendant was sentenced by the Honorable Amos L. Mazzant, United States District Judge, to a sentence of nineteen (19) months imprisonment followed by a three (3) year term of supervised release. Defendant's supervision commenced on January 23, 2018.

On August 5, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 45). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must live at a place approved by the probation officer, and any change in Defendant's living arrangements requires notifying the probation officer in advance; (2) Defendant must work full time at a lawful type of employment, and if Defendant does not have full-time employment, Defendant must try to find full-time employment unless the probation officer excuses Defendant from doing so; (3) Defendant must not communicate or interact with an individual Defendant knows is engaged in criminal activity, and if Defendant knows an individual has been convicted of a felony, Defendant must get prior

1

permission from the probation officer before knowingly communicating or interacting with the individual; and (4) if Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.

The Petition asserts that Defendant violated these conditions because: (1) Defendant failed to report a change of address to the U.S. Probation Office, as records showed his residence was sold on July 8, 2020, and after multiple attempts to contact Defendant by phone and in-person, the U.S. Probation Office was unable to reach Defendant or determine his whereabouts; (2) Defendant provided false employment information on his monthly reports and did not provide any proof of employment to the U.S. Probation Office throughout the term of his supervised release; (3) on June 13, 2020, and July 12, 2020, the Addison Police Department responded to two different calls, during which the Addison Police Department learned Defendant made contact with four individuals with criminal histories; and (4) Defendant failed to notify the U.S. Probation Office of the following contacts Defendant had with the Addison Police Department: December 28, 2019, February 26, March 9, March 10, June 12, and July 12, 2020.

At the hearing, Defendant entered a plea of true to allegations 1 and 3. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 12, 2020, hearing, the Court recommends that Defendant be committed to the U.S. Bureau of Prisons for a term of six (6) months, followed by a term of supervised release of twelve (12) month with the same conditions of release previously imposed, and the the first 180 days of supervised release shall be served in a residential facility.

**So ORDERED and SIGNED this 3rd day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE