**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:17-CR- |
| | § | 00015-ALM-BD-1 |
| JOSEPH DAVID MODICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Joseph David Modica's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 2, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Steve Fawcett.

Defendant was sentenced on October 3, 2017, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm with an Obliterated Serial Number, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant was subsequently sentenced to 19 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and mental health treatment. On January 23, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On January 11, 2021, the term of supervised release was revoked, and Defendant was sentenced to 6 months imprisonment followed by 24 months supervised release. On April 20, 2021, Defendant completed his term of imprisonment and began service of the supervision term.

On July 20, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #64, Sealed). The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) (standard) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (2) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing (Dkt. #64, at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 8, 2021, an unannounced home visit was attempted at the extended stay motel where Defendant had been living. When the supervision officer arrived, the room was empty with no belongings inside and was being cleaned by housekeeping. The supervision officer went to the front desk and spoke with two employees who confirmed Defendant had moved out at least 5 weeks prior. As of the officer's execution of the Petition, Defendant had not responded to calls or voicemails from the U.S. Probation Office, and his whereabouts were unknown; (2) On April 26, 2021, Defendant was

instructed to call a notification line every night and report for drug testing as instructed as part of the U.S. Probation Office's substance abuse testing program. Defendant failed to call the random drug testing line as directed on 52 occasions. As of the officer's execution of this Petition, Defendant had not called the drug testing line since June 24, 2021. Defendant failed to submit a urine sample as directed on June 7 and 24, and July 7, 2021, as part of the U.S. Probation Office's substance abuse testing program; (3) On April 26 and May 27, 2021, Defendant was instructed to contact Fletcher Counseling to schedule and complete his mental health assessment. Defendant failed to complete a mental health assessment as directed (Dkt. #64 at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of five (5) months, and with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 4th day of June, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

3